RHODES v. GULF, C. & S. F. RY. CO.
(No. 336.)

(Court of Civil Appeals of Texas. Beaumont. April 2, 1918. Rehearing Denied April 17, 1918.)

CARRIERS &#9758;134 — DAMAGE TO GOODS IN TRANSIT—EVIDENCE.

Plaintiff establishing a prima facie case by evidence that at destination corn near doors of car was wet, defendant railroad company failed to rebut prima facie case thus made by evidence that it tested the car door by turning water from a hose on it; there being no evidence that the car did not leak while moving against a blowing rain.

Appeal from Harris County Court; W. E. Monteith, Judge.

Action by C. C. Rhodes against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for defendant, plaintiff appeals. Reversed.

Sam. T. Robb and Wintson McMahon, both of Houston, for appellant. R. W. Franklin, of Houston, and Terry, Cavin & Mills, of Galveston, for appellee.

KING, J. This suit was filed in the county court at law of Harris county by appellant, doing business under the name of C. C. Rhodes Grain Company, against the appellee, claiming damages in the total sum of $332.12, $282.47 of which is claimed as the difference between the reasonable market value of a car of corn in its condition at the time of its arrival in Houston, and the reasonable market value of same had it been conveyed and transported with ordinary care and reasonable diligence and delivered in good condition. The balance claimed is alleged to be $49.65 incurred as expense in preparing the damaged corn for market. A

trial before the court resulted in a judgment in favor of appellee. From this judgment appellant has perfected his appeal.

The entire court has given very careful and thoughtful consideration to the record, and have reached the conclusion that, from the evidence introduced on the trial of the case, the weight and preponderance of same is so against the appellee that it is clearly wrong, and that the judgment of the lower court should be reversed, and the cause remanded for another trial.

The facts proven, in brief, disclose that on February 12, 1915, the firm of Edwards Bros. loaded at Tahoka, on appellee's line of railroad, a carload of said corn, consigned to appellant at Houston, and that the car was on the road about 12 days, and arrived in Houston within a reasonable time from the date of shipment. A. J. Edwards and M. H. Edwards, the sellers, testified that they loaded the corn at Tahoka, and that it was in good, dry condition; that, while they did not inspect each sack in every load of corn, the most of same having been bought from wagons, they did, in fact, inspect each load of corn, and examine a number of sacks in each load; and that the corn was in good, dry condition when delivered to the railroad company. The testimony is uncontradicted that the corn arrived in Houston in the damaged condition asserted by appellant. The testimony of appellant and others discloses that the carn near each side door of the car was the corn that was wet and damaged, and that the sacks near and next to the doors of the car were wet on the outside, and further that the floor of the car was wet near each of said doors, and that the wet corn was confined to the corn near the car doors; that the car came to Houston under its original seal. The railroad company put on proof, which is uncontradicted, that it had its car inspector to inspect the car as soon as complaint had been made to it by Rhodes of the damaged condition of the corn, and the inspector testified that he examined the roof of the car, and that the same was in good, sound condition and would not leak, and that the roof was only a few months old; that it was raining during some of the times that he inspected the car while it was standing in the yards at Houston, and the car did not leak; that the doors of said car fit tight, and under ordinary conditions rain would not come through the doors of said car; that he turned water from a hose on the car at another time, and it did not leak. This testimony is undisputed. He further testified, however, that, while the car would not leak under ordinary conditions, he could not testify as to whether or not rain would blow in at the doors of the car when the same was in motion, and especially if it was a blowing rain, but that under ordinary circumstances the car would not leak.

The facts as above recited, in substance, were found by the trial court in his findings of fact, and from this testimony the court concluded, as a matter of law, that, while plaintiff had made out his case as to the damaged condition of the corn upon its arrival in Houston, he had failed to prove by a preponderance of the evidence that said corn was loaded in good condition, or that its damaged condition was due to the negligence of the railroad company, and that he therefore found for the railroad company.

While the record discloses, through the interrogatories propounded to the Edwards Bros. by the railroad company, that it was in possession of the names of a great many of the farmers who delivered most of the corn in wagons at the car door to Edwards Bros., yet it did not introduce their testimony as to the condition of the corn. The testimony of Edwards Bros., and the fact that the corn was wet at the doors, and that the sacks were wet on the outside in the vicinity of the doors, and that the floor around the doors was wet, becomes so convincing to us that we are unwilling to let the judgment stand, simply upon the proof as to the condition of the car, especially when the inspector states that he did not know whether rain would blow in the car doors while the same was in motion; his inspection being while the car was standing.

The judgment is therefore reversed and remanded to the lower court for further development upon another trial.